IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                        RESPONDENT

v.                              No. 4:14-cr-40006
                                No. 4:16-cv-04040

CHRISTIAN ARCHER                                                   MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed *pro se* by Christian Archer ("Archer"), an inmate confined in the U.S. Penitentiary in Pollock, Louisiana. ECF No. 34. Archer has also filed a supplemental motion.[1] ECF No. 44.

These motions were referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to Archer's original 28 U.S.C. § 2255 Motion. ECF No. 38. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 34) and supplemental motion (ECF No. 44) be **DENIED**.

1.      **Background**:

On January 29, 2014, Archer was named in a five-count indictment filed in the United States District Court for the Western District of Arkansas. ECF No. 1. Counts One through Three charged Archer with distribution of more than 5 grams of actual methamphetamine; Count Four charged him

---

[1]Archer entitles this a "Motion to Supplement," and the Court will treat this as a supplement to his original 28 U.S.C. § 2255 motion.

with possession with intent to distribute more than 5 grams of actual methamphetamine near a public housing authority facility; and Count Five charged him with use and carrying of a firearm during a drug trafficking crime.  *Id.*

On March 7, 2014, Archer appeared for arraignment with counsel before the Honorable Barry A. Bryant and entered a not guilty plea as to each count.  ECF No. 7.  At this arraignment, Archer appeared with appointed counsel, Louis Lloyd.  *Id.*  On July 25, 2014, Archer again appeared with counsel before the Honorable Harry F. Barnes for a change of plea hearing.  ECF No. 19.  Archer entered a guilty plea as to Count Five of the Indictment.  ECF No. 19.  On the same day, Archer and the Government submitted a Plea Agreement to the Court.  ECF No. 20.

As a part of this Plea Agreement, Archer agreed to plead guilty to Count Five of the Indictment.  ECF No. 20.  Specifically, Archer agreed as follows:

> 1. The Defendant, **CHRISTIAN ARCHER**, hereby agrees to plead guilty to Count 5 of the Indictment, charging the defendant with Use and Carrying of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).  If the Court accepts this plea agreement, once the Court has pronounced a sentence, the government will move to dismiss Counts 1, 2, 3 and 4 of the Indictment.

ECF No. 20 ¶ 1.

Further, Archer agreed the following facts were true and undisputed:

> On September 16, 2013, investigators with the Hempstead County Sheriffs Department were contacted by witnesses in reference to a shooting that had taken place on that date. Witnesses stated that prior to the shooting they had purchased methamphetamine from ARCHER. After a dispute over the price of the methamphetamine ARCHER and two other coconspirators threatened the witnesses with a firearm, and fired several rounds at them resulting in bullets striking the witnesses' residence. On that same date, based on the evidence recovered at the scene and statements of witnesses, investigators obtained a court-ordered search warrant for ARCHER's residence in Hope, Arkansas. During a search of ARCHER's residence, investigators located a set of digital scales on the kitchen counter. A further search of the cabinet above where the scales were located, investigators found two bags of methamphetamine and a Smith & Wesson 9mm semi-automatic pistol Model #SW9VE, bearing serial number PDX3220.

ECF No. 20 ¶ 2.a.  Archer does not dispute the truthfulness of the foregoing statement of facts in support of his guilty plea.  Therefore, I presume the statements made by Archer in open court are true.  *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n. 8 (11th Cir.1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true.").

On April 23, 2015, Archer appeared before Judge Barnes for sentencing.  ECF No. 31.  At sentencing, Judge Barnes sentenced Archer to the following: 188 months imprisonment with credit for time served in federal custody; 5 year supervised release; and $100.00 special assessment.  ECF No. 32.  A judgment adopting this sentence was entered on April 27, 2015.  *Id.*  Archer did not appeal this sentence.  ECF No. 34 at 4.

2.   **Instant Motion**:

On April 28, 2016, Archer filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  ECF No. 34.  With this Motion, Archer raises two issues: (1) ineffective assistance of counsel because his attorney allowed him to plead guilty to Count Five of the Indictment despite the fact his firearm was "empty, non loaded" and there was "no active employment" of that firearm; and (2) "recent development of the law" under the Safe Justice Act which clarifies how "possession of a firearm would be fulfilled under 924(c)."  ECF No. 34 at 5.  The Government responded to this Motion on June 27, 2016.  ECF No. 38.  Furthermore, Archer filed a supplemental motion on April 6, 2017.  ECF No. 44.  In this supplemental motion, Archer addresses three cases and claims he is entitled to relief under them: (1) *Miller v. Aderhold,* 288 U.S. 206 (1933); (2) *Molina-Martinez v. United States,* 136 S.Ct. 1338 (2016); and (3) *United States v. Hinkle,* 832 F.3d 569 (5th Cir. 2016).  *Id.*  The Court will also address these cases as a part of this

report and recommendation.

3.   **Discussion**:

The Court will address the following issues Archer raised in his Motion and supplemental motion: (A) ineffective assistance of counsel; (B) Safe Justice Act; and (C) the cases of *Miller, Molina-Martinez, and Hinkle.*

### A.      Ineffective Assistance of Counsel

Archer claims his trial counsel, Louis Lloyd, was ineffective because he allowed Archer to plead guilty to Count Five in the Indictment. ECF No. 34 at 4. Specifically, Archer claims he should not have pled guilty to Count Five because his firearm was "empty" and "non loaded" and there was "no active employment of the firearm." *Id.* Thus, he claims he is not guilty of violating 18 U.S.C. § 924(c)(1)(A). *Id.* Notably, this provision requires possession of a firearm "in furtherance" of certain crimes. *See* 18 U.S.C. § 924(c)(1)(A). Archer claims that because this firearm was not been actively used, his possession was not "in furtherance" of any crime. ECF No. 34 at 4.

Assuming the facts as Archer stated regarding the status of the firearm are true, he is still not entitled to relief under 28 U.S.C. § 2255. As stated in the Plea Agreement, "investigators located a set of digital scales on the kitchen counter. A further search of the cabinet above where the scales were located, investigators *found two bags of methamphetamine and a Smith & Wesson 9mm semi-automatic pistol Model #SW9VE, bearing serial number PDX3220."* ECF No. 20 ¶ 2 (emphasis added). Archer agreed to these facts when he entered his guilty plea to Count Five.

Further, as to the entire Plea Agreement, Archer stated he had "read this agreement and carefully reviewed every part of it with defense counsel," he "fully understands the plea agreement," and he "entered into this plea agreement freely, voluntarily, and without reservation." ECF No. 20 ¶ 27. During the change of plea hearing on July 25, 2014, the Judge Barnes explained the charges

against Archer, and Archer acknowledged he signed the agreement and was not pressured or promised anything to enter into the Plea Agreement.  ECF No. 37 at 10-11.

Under 18 U.S.C. § 924(c)(1)(A), possession of a firearm "in furtherance" of a specific crime is not defined.  However, "in furtherance" has been broadly interpreted to include more than the actual *use* of a firearm during an underlying drug crime.  *See United States v. Kent,* 531 F.3d 642, 652 (8th Cir. 2008).  Importantly, "in furtherance" requires a "nexus between the possession of the firearm and the underlying drug crime."  *Id.*  A jury "may infer that the firearm was used in furtherance of a drug crime when it is kept in close proximity to the drugs, it is quickly accessible, and there is expert testimony regarding the use of firearms in connection with drug trafficking." *United States v. Close,* 518 F.3d 617, 619 (8th Cir. 2008).

In the present action, the methamphetamine and firearm were found together in the kitchen cabinet.  Archer has admitted this firearm was used in the furtherance of an underlying drug offense. Although Archer's firearm was unloaded, the facts presented in Archer's case are similar to those from *United States v. Johnson,* 474 F.3d 1044, 1050 (8th Cir. 2007) wherein Johnson was convicted of possession of a firearm in furtherance of drug trafficking offense even though the drugs were not near the firearm, the firearm may not have belonged to Johnson, and Johnson was asleep at the time the firearm was found.  Indeed, in the present action, the fact the firearm was found *with* the methamphetamine provides a stronger nexus than that of *Johnson* where the drugs and firearm were in entirely separate places.

Based upon this caselaw, the Court cannot find Louis Lloyd was ineffective for allowing Archer to plead guilty to Count Five of the Indictment.  In order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient

performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.* Mr. Lloyd did in fact point out Archer's claim he had not actually fired or used a firearm. ECF No. 37, pp. 9-10. Judge Barnes inquired whether Archer "had a problem" with the statement of facts, Archer indicated he did not. ECF No. 37 p. 10. Here considering Mr. Lloyd's representation in full context at the time of the change of plea hearing, there is no showing his representation fell "below an objective standard of reasonable competence."

Even assuming the Court had found deficient performance of counsel and thus must consider

-6-

the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

Notably, there is no prejudice where "the underlying issues are meritless." *See, e.g., Gordon v. United States,* 27 F.3d 571 (8th Cir. 1994).  In  this case, even assuming his counsel was ineffective for advising him to plead guilty to County Five, the Court cannot find Archer has made a showing of prejudice to entitle him to relief.  Indeed, had Archer gone to trial, based on the facts he admitted were true,  he would likely have been convicted of the other four counts in the Indictment as well as Count Five,  and faced potentially a much harsher sentence.  Thus, the Court finds no basis for granting Archer's Motion as to his first claim.

### B.        Safe Justice Act

Archer claims he is entitled to relief under the "Safe Justice Act."  ECF No. 34 at 5.  As the Government notes, however, the Safe Justice Act has not yet been enacted.  ECF No. 38.  Thus, Archer is not entitled to relief under it, and the Court finds no basis for granting Archer's Motion as to his second claim.

### C.        Cases from Archer's Supplemental Motion

In his supplemental motion, Archer references three cases that he claims entitle him to relief. These cases are the following: (1) *Miller v. Aderhold,* 288 U.S. 206 (1933); (2) *Molina-Martinez v. United States,* 136 S.Ct. 1338 (2016); and (3) *United States v. Hinkle,* 832 F.3d 569 (5th Cir. 2016). ECF No. 42.

### i.      *Miller v. Aderhold*

Archer claims *Miller v. Aderhold* entitles him to relief.  Specifically, he claims, based upon this case, that his suspended sentences should not have been included as prior convictions for purposes of determining whether he was a career offender.  ECF No. 44 at 1.  In making this argument, it appears Archer is questioning his status as a career offender and the final Presentence Investigation Report ("PSR") wherein his imprisonment and suspended sentences are itemized under his criminal history.  *See* ECF No. 30.

Archer's PSR listed three felony convictions as a basis for his status as a career offender.  For the three convictions, however, the fact that he was *both* imprisoned *and* had a suspended sentence imposed has no bearing on his status as a career offender.

Instead, what is important is the *type* of conviction: the predicate offenses must be felony convictions "of either a crime of violence or a controlled substance offense."  *Criminal History Primer,* the Office of General Counsel United States Sentencing Commission (April 2013), available at *http://www.ussc.gov/sites/default/files/pdf/training/primers/Primer_Criminal_History.pdf* (last accessed May 24, 2017).  The length of sentence imposed does not effect the Career Offender calculation under Section 4B1.1 of the United States Sentencing Guidelines.  Here, the PSR used the proper *types* of convictions to support finding Archer was a career offender (2006 conviction for delivery of a controlled stubstance, 2009 conviction for battery, and 2009 conviction for battery/terroristic threatening).  ECF No. 30 ¶¶ 50, 61, 64 and 88..  Thus, the Court finds Archer was properly classified him as a career offender, and *Miller v. Aderhold* does not entitle him to relief.

### ii.     *Molina-Martinez*

Archer also claims *Molina-Martinez* entitles him to relief.  ECF No. 44. *Molina-Martinez* addresses whether an error in a sentencing calculation under the Sentencing Guidelines is reversible

error.  The U.S. Supreme Court held this was reversible error.  However, in *Molina-Martinez*, there *was an error* in calculating the defendant's sentence.

In this case, there has been absolutely no demonstration there was an error in the sentence calculation under the Sentencing Guidelines.  The Court has also independently reviewed the Final PSR and finds no merit to Archer's claim that there was an error in calculating his sentence.  Further, I note the PSR recommended a sentence range of 262-327 months imprisonment.  Judge Barnes, after considering a sealed Motion filed by the Government, imposed a sentence (188 months imprisonment) far below the recommended Guideline sentence.  Thus, this case does not supply a basis for *habeas* relief for Archer.

### iii.    *United States v. Hinkle*

Finally, Archer claims *United States v. Hinkle* entitles him to relief.  In *Hinkle*, the U.S. Court of Appeals for the Fifth Circuit interpreted a Texas statute to determine whether the defendant's prior felony convictions qualified as predicate felony offenses for a "career offender."  Based upon its interpretation of that Texas statute, the Fifth Circuit found that it did not qualify as the predicate offense and vacated and remanded the defendant's conviction.

In the current case, Archer's three predicate convictions which qualify him as a "career offender" were all Arkansas state felonies.  There is no indication any of these convictions were incorrectly classified.  Thus, the Court finds no basis for *habeas* relief on this issue.

### 4.    **Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter.  Archer is clearly not entitled to the relief he seeks.[2]  Further, I find Archer has not made a

---

[2] *See Buster v. United States,* 447 F.3d 1130, 1132 (8th Cir. 2006)(holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle

substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.**     **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice.  Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **2nd day of June 2017.**

  /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).