IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTIAN ARCHER                                                              PETITIONER

v.                          Case No. 4:14-cr-40006
                            Case No. 4:16-cv-4040

UNITED STATES OF AMERICA                                                     RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed June 2, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 47). Judge Bryant recommends that the Court deny Petitioner Christian Archer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 34). Petitioner has filed objections. (ECF No. 48). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On January 29, 2014, Petitioner was named in a five-count Indictment filed in the United States District Court for the Western District of Arkansas. Counts One through Three charged Petitioner with distribution of more than 5 grams of actual methamphetamine; Count Four charged him with possession with intent to distribute more than 5 grams of actual methamphetamine near a public housing authority; and Count Five charged him with the use and carrying of a firearm during a drug trafficking crime. On July 25, 2014, Petitioner appeared before the Court with his attorney, Louis Lloyd, and after a plea colloquy,[1] pleaded guilty to Count Five, pursuant to a

---
[1] Of particular relevance to this Order is that, during the change of plea hearing, the Assistant United States Attorney read into the record the factual basis in support of the guilty plea, including the fact that on September 16, 2013, police officers searched Petitioner's residence and found two bags of methamphetamine and a 9mm pistol in a cabinet. Upon

written plea agreement. On April 23, 2015, the Court sentenced Petitioner to 188 months' imprisonment and 3 years' supervised release, imposed a $100 special assessment, and dismissed the remaining counts against him. On April 27, 2015, the Court filed a judgment adopting the sentence. Petitioner did not appeal his sentence.

On April 28, 2016, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 34). Petitioner argues that his sentence should be vacated due to ineffective assistance of counsel because his attorney allowed him to plead guilty to Count Five of the Indictment despite the fact that his firearm was not loaded and there was no "active employment" of the firearm. Petitioner also argues that a recent development in the law—specifically, the Safe Justice Act—clarifies "how possession of a firearm would be fulfilled under [18 U.S.C. §] 924(c)," thereby entitling him to section 2255 relief. On June 27, 2016, the government responded to the instant motion, contending that Petitioner's motion is meritless and should be denied. (ECF No. 38). On April 6, 2017, Petitioner filed a supplement to his section 2255 motion, asserting that he is entitled to section 2255 relief based on three cases.[2]

On June 2, 2017, Judge Bryant issued the instant Report and Recommendation. Judge Bryant recommends that the Court deny Petitioner's motion. Judge Bryant separately addressed each of Petitioner's asserted grounds for relief and found that each was meritless.

Judge Bryant found that Petitioner's claim of ineffective assistance of counsel fails because, even if Petitioner's assertion that his firearm was unloaded is true, he nonetheless could have been convicted under 18 U.S.C. § 924(c)(1)(A), which prohibits possession of a firearm "in furtherance" of certain crimes. Judge Bryant reasoned that the Eighth Circuit has found that a

---

questioning by the Court, Petitioner agreed that the government could prove that fact at trial.

[2] *Miller v. Aderhold*, 288 U.S. 206 (1933); *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

firearm need not be actively utilized to be used in furtherance of a crime, and that a defendant may be convicted if the firearm is merely kept near drugs and is quickly accessible. Judge Bryant noted that in this case, Petitioner's firearm was found with methamphetamine, which provides the necessary nexus between the possession of the firearm and the underlying drug crime. Based on this, Judge Bryant found that Petitioner failed to show that his attorney's representation fell below an objective standard of reasonable competence and that, even if he had, he failed to show prejudice because, based on the admitted facts contained in the plea agreement, he would have likely been convicted of all five counts in the Indictment if he had gone to trial.

Judge Bryant also found that Petitioner's claim for relief based on the Safe Justice Act fails. Specifically, Judge Bryant noted that the Safe Justice Act is merely a bill and has not become law. Thus, Judge Bryant found that Petitioner is not entitled to relief under the Safe Justice Act.

Judge Bryant found further that Petitioner is not entitled to relief based on the cases cited in his supplement. Judge Bryant addressed each of the cases and found that none were applicable to this case. Accordingly, Judge Bryant found that Petitioner's supplement does not entitle him to relief.

Judge Bryant concluded the instant Report and Recommendation by recommending that the Court deny the present motion. Judge Bryant also recommended a finding that no evidentiary hearing is necessary in this case because Petitioner is clearly not entitled to the relief he seeks. Judge Bryant recommended further that the Court decline to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

On June 20, 2017, Petitioner filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections.

## II. DISCUSSION

Petitioner specifically objects to two of Judge Bryant's findings. Petitioner argues that his ineffective assistance of counsel claim is valid and that one of the cases cited in his supplement, *Miller v. Aderhold*, 288 U.S. 206 (1933), entitles him to relief.[3] The Court will separately address each of these arguments.

### A. Ineffective Assistance of Counsel Claim

As detailed above, Judge Bryant found that Petitioner's claim of ineffective assistance of counsel fails because, even if the Court takes as true Petitioner's assertions that his firearm was unloaded at the time the police recovered the firearm and drugs, he nonetheless could have been convicted under 18 U.S.C. § 924(c)(1)(A).[4] Petitioner objects to this finding, arguing that his attorney provided ineffective assistance by allowing him to plead guilty because the elements of 18 U.S.C. § 924(c) were not satisfied in his case.

Petitioner makes two arguments regarding his ineffective assistance of counsel claim. In his first argument, Petitioner appears to argue that he was originally arrested on two Arkansas state-law charges—specifically, possession of methamphetamine with purpose, in violation of Ark. Code Ann. § 5-64-420(b)(3) and possession of a firearm by a certain person, in violation of Ark. Code Ann. § 5-73-103. Without citing to authority or elaborating further, Petitioner argues that the two state charges were impermissibly "combined by the government and made a [section] 924(c)(1)" charge. In his second argument, Petitioner cites to *United States v. Bailey*, 516 U.S. 137 (1995), for the proposition that the "use" of a firearm within the meaning of section 924(c)

---

[3] Petitioner does not respond to Judge Bryant's other findings and recommendations and the Court will accordingly treat the un-objected-to portions of the Report and Recommendation as unopposed.

[4] Section 924(c)(1)(A) provides a minimum sentence to "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."

can only include active brandishing, displaying, striking with, attempts to fire, or firing a gun, and that the mere presence of a firearm, without more, is insufficient.

The Court finds Petitioner's first argument unpersuasive. Petitioner does not explain his statement that he was originally charged with two state-law crimes which were later combined to form the federal charge he ultimately pleaded guilty to in this case. Plaintiff also fails to cite authority for the proposition that the government impermissibly combined the two state-law criminal charges to form the federal charge under section 924(c). Accordingly, the Court finds that this argument does not entitle Petitioner to the relief he seeks.

The Court also finds Petitioner's second argument unavailing. Petitioner is correct that, in 1995, the United States Supreme Court held that the "use" of a firearm within the meaning of section 924(c) must involve "active employment" of the weapon, and that a weapon's mere presence was insufficient to trigger liability under the statute. *Id.* at 150-51. However, the *Bailey* decision was later superseded by statute. In 1998, and in direct response to *Bailey*, Congress amended section 924(c) to also prohibit the possession of a firearm during a drug trafficking offense. *See United States v. O'Brien*, 560 U.S. 218, 233 (2010).

In this case, Count Five of the Indictment arises under the post-1998 version of the statute. Thus, the Court cannot find that Petitioner's attorney was ineffective by allowing Petitioner to plead guilty to Count Five. As Judge Bryant stated in his Report and Recommendation, the Eighth Circuit has affirmed convictions under section 924(c)(1) in situations where the defendant was found to have possessed the firearm because it was recovered near drugs. *See United States v. Johnson*, 474 F.3d 1044, 1050 (8th Cir. 2007). Petitioner may be correct that he did not "use" the firearm because he did not actively employ it, but a jury could have nonetheless found that he possessed the firearm in furtherance of a drug trafficking crime, in violation of section

5

924(c)(1)(A). Accordingly, the Court finds that Petitioner is not entitled to the relief he seeks.

### B. *Miller v. Aderhold*

Petitioner argues that *Miller v. Aderhold*, 288 U.S. 206 (1933), entitles him to section 2255 relief because it held that "a suspended imposition of sentence cannot be used as prior convictions for the purpose of enhancing the sentence under career offender guidelines until the full disposition of the case." (ECF No. 48). Petitioner argues further the Court improperly categorized him as a career offender by using two suspended sentences as prior convictions. Petitioner argues further that his suspended sentences could have been revoked at any point, and thus they were not fully concluded. Petitioner concludes that his suspended sentences cannot be considered as prior convictions until they are "completely served."

The Court notes that Petitioner made the same argument in his supplement to his section 2255 motion, and Judge Bryant considered and rejected the same. Judge Bryant found that *Miller* does not entitle Petitioner to relief because the fact that the sentences were suspended had no bearing on his career offender status. Instead, Judge Bryant stated that because Petitioner had three felony offenses that were either crimes of violence or controlled substance offenses, the Court properly classified him as a career offender.

The Court agrees with Judge Bryant. The Eighth Circuit has repeatedly held that a suspended imposition of sentence may be counted as a prior conviction for purposes of a career-offender determination. *United States v. Craddock*, 593 F.3d 699, 701 (8th Cir. 2010) (collecting cases). Indeed, courts have rejected similar section 2255 arguments suggesting otherwise. *See, e.g.*, *United States v. Rasool*, No. 4:04-cr-00291-13-JLH, 2010 WL 654289, at *3 (E.D. Ark. Feb. 17, 2010) (citing *United States v. Rasool*, 283 F. App'x. 418, 419 (8th Cir. 2008) (per curiam)). Accordingly, the Court finds that Petitioner's suspended sentences were properly counted as prior

convictions and, thus, *Miller* does not provide Petitioner the relief that he seeks.

### III.  CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation.  Accordingly, the Court hereby overrules Petitoner's objections and adopts the Report and Recommendation (ECF No. 47) *in toto*.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 34) is hereby **DENIED**.[5]  The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED**, this 12th day of September, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge

---

[5] The Court agrees with Judge Bryant that a hearing on the motion is unnecessary because Petitioner's allegations, accepted as true, do not entitle him to relief.  *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006).