IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                    Case No. 4:14-cr-40006

CHRISTIAN ARCHER                                                                        DEFENDANT

## **ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 72. Judge Bryant recommends that Defendant Christian Archer's ("Archer") Motion to Reduce Sentence (ECF No. 69) should be denied. Archer filed a timely objection. ECF No. 73. The Court finds the matter ripe for consideration.

## **I. BACKGROUND**

On January 29, 2014, Archer was named in an Indictment filed in the Western District of Arkansas charging him with five Counts: Counts One through Three charged him with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); Count Four charged him with possession with intent to distribute methamphetamine near a public housing authority facility in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 860(a); and Count Five charged him with possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). ECF No. 1. On July 25, 2014, Archer pled guilty to Count Five. ECF Nos. 19 & 20. On April 27, 2015, the Court sentenced Archer to 188 months imprisonment with credit for time served in federal custody, 5 years supervised release, and a $100.00 special assessment. ECF Nos. 31 & 32.

On May 1, 2025, Archer filed his Motion to Reduce Sentence Pursuant to Section 603 of

the First Step Act ("FSA"). ECF No. 69. Specifically, he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his family circumstances create a justification for his release and that the relevant sentencing and safety considerations do not weigh against his request. The Government responded in opposition, arguing that neither Archer's family circumstances nor his criminal history permit release prior to the completion of his sentence. ECF No. 71. Judge Braynt agrees with the Government's assessment and recommends that Archer's motion be denied. ECF No. 72. Archer filed a timely objection disputing Judge Bryant's conclusions, which the Court finds sufficiently specific to require a de novo review of the motion. *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990) (noting that a specific objection to an R&R requires a de novo review of a magistrate's recommendation instead of a review for plain error).

## II. DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before an analysis of those factors can begin, the Court must determine if Archer has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A). *See id*. Here, the Government concedes that Archer has exhausted his administrative remedies and that his motion may be considered on the merits. ECF No. 71, p. 4-5. Therefore, the Court evaluates Archer's request on the merits.

### B. Extraordinary and Compelling Reasons

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a

2

reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[1] This policy statement limits "extraordinary and compelling reasons" to only include the following four circumstances:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

---

[1] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Some Circuits have determined that the policy statement is inapplicable to inmate requests for relief and that the court must determine for itself what is an "extraordinary and compelling" reason. *See e.g.*, *United States v. Brooker(Zullo)*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). However, the Eighth Circuit has determined that the policy statement, while not binding, cannot be ignored and should provide guidance on what constitutes "extraordinary and compelling" reasons. *See U.S. v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

3

> > (II) suffering from a serious functional or cognitive impairment, or
>
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Archer argues that extraordinary and compelling circumstances exist because his minor daughter, I.A., does not have a reliable caregiver. ECF No. 69, p. 4-6. Archer states that his grandmother, who is in her sixties and has rheumatoid arthritis, is currently attempting to care for I.A., his other minor daughter who is seventeen years old, and his two-year-old granddaughter while also working to support them. Archer contends that his release is necessary to provide appropriate care for I.A. In response, the Government argues that Archer has failed demonstrated that his family situation rises to the level of extraordinary and compelling. ECF No. 71, p. 7-8. The Government contends that Archer has offered nothing but the assertion that his grandmother encounters significant difficulty in caring for I.A., and not that there is no guardian or that his grandmother is completely incapacitated. In objecting to Judge Bryant's agreement with the

4

Government, Archer reiterates that his grandmother is overwhelmed and unable to solely provide the care necessary for two minors and a toddler. ECF No. 73, p. 2-3.

The Court finds that Archer has not demonstrated that his family circumstances rise to the level necessary to permit a reduction in his sentence and release. The relevant policy statement defines an extraordinary and compelling circumstance as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C)(i). Though he describes a difficult situation and some physical hinderances, Archer has not asserted or shown that his grandmother is incapacitated and without any ability to fulfill caretaking responsibilities. His assertions are also vague and make no reference to how much assistance other family members, such as an uncle mentioned in his motion, can assist. Therefore, the Court is not persuaded that extraordinary and compelling circumstances are present and Archer' motion must be denied.

### A. Considerations under § 3553(a) and § 3142(g)

In a motion for release under § 3582, courts must determine if the sentencing factors under 18 U.S.C. § 3553(a) support an inmate's release. 18 U.S.C. § 3582(c)(1)(A). That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed—
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and

>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Further, the requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors. *See* USSG § 1B1.13(2). The factors for consideration under § 3142(g) are:

> (g) Factors to be considered.–The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-
>
>> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>> (2) the weight of the evidence against the person;
>
>> (3) the history and characteristics of the person, including—
>
>>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

>or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Archer argues that the sentencing and safety considerations support his request because there is no indication that he is a risk to the community or likely to re-offend upon release. ECF No. 69, p. 7-8. Archer notes that most of his sentence of confinement has collapsed and that he has completed several behavioral and educational programs available to him during confinement. Archer also notes that he is guaranteed steady employment at Tyson Foods upon release due to his uncle being a supervisor. Archer contends that his rehabilitation and the expected stability upon release demonstrates that the relevant sentencing and safety factors weigh in favor of his release to care for his minor daughter.

In response, the Government argues that Archer's criminal history forecloses any opportunity for a reduction in his sentence. ECF No. 71, p. 8. The Government emphasizes the nature of Archer's current offense and the fact Archer's prior convictions, which include drug and violent offenses, qualified Archer as a career offender at sentencing for his current offense. The Government contends that this indicates Archer is likely to recidivate and would pose an unreasonable threat to the public if the Court permits early release. Judge Bryant concurs with the Government's assessment and recommends that the Archer's motion also be denied on this basis. ECF No. 72, p. 6. In his objection, Archer again argues that his sentence has accomplished its

rehabilitative purpose and that the time necessary to work and care for his daughter precludes any risk to the public if he is released. ECF No. 73, p. 2-3.

The Court finds that Archer's motion also fails under these considerations. The nature of Archer's current offense, carrying a firearm during a drug trafficking crime, weighs heavily against him under § 3553(a)(1) and § 3142(g)(1). Further, he has a significant criminal history, which includes drug and violence offenses, which resulted in Archer being classified as a career offender at sentencing. ECF No. 21, ¶¶ 30-84, 88; ECF No. 30, p. 1. The also weighs significantly against Archer under § 3553(a)(2)(C) and § 3142(g)(3). Thus, the Court finds release is not permitted under the relevant sentencing and safety considerations.

### III. CONCLUSION

Upon review, the Court hereby adopts Judge Bryant's R&R (ECF No. 72) in toto. Accordingly, Defendant Christian Archer's Motion to Reduce Sentence (ECF No. 69) hereby is **DENIED**.

**IT IS SO ORDERED**, this 15th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge